## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re:  Medical Informatics Engineering, Inc., Customer Data Security Breach Litigation | MDL No.: 2667 |
| | ***Oral Argument Requested*** |

### RESPONSE OF RORY HILL, NICOLE HILL, DAWN McLAUGHLIN, AND ADRIENNE M. LLEWELLYN[1] IN SUPPORT OF CONSOLIDATION – AND– IN OPPOSITION TO TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA OR DISTRICT OF KANSAS –AND– IN SUPPORT OF <u>TRANSFER TO NORTHERN DISTRICT OF INDIANA</u>

All of the actions relating to the data security breach caused by Medical Informatics Engineering, Inc.'s ("MIE") failure to protect personal and health information of millions of individuals should be consolidated in the Northern District of Indiana before the Honorable Judge Robert L. Miller, Jr. for the following reasons:

- MIE and its impacted, wholly-owned subsidiary No More Clipboard, are both headquartered in the Northern District of Indiana, 1.5 million class members are in Indiana, and over 80% of MIE's impacted clients are in Indiana;

- The overwhelming majority of the relevant witnesses and evidence will be located in the district;

- The majority of filed actions relating to the MIE data breach are already pending in the Northern District of Indiana before Judge Miller;

---

[1] (1) *Rory Hill, Nicole Hill, and Dawn McLaughlin, individuals, on behalf of themselves and all others similarly situated v. Medical Informatics Engineering, Inc.*, Case No. 1:15-cv-00204-RLM-SLC. (2) *Adrienne M. Llewelyn, individually and on behalf of all others similarly situated v. Medical Informatics Engineering, Inc.*, Case No. 1:15-cv-01352-JMS-MJD.

- The Panel has found in the past that the Northern District of Indiana is easily accessible and centrally located for the parties to this litigation;

- The Northern District of Indiana has favorable docket conditions and the capacity and resources to invest in managing this litigation;

I.   **It is appropriate that the MIE actions pending in different districts be consolidated in one Court for pre-trial purposes.**

The MIE actions filed in 5 different districts across the country—with the Northern District of Indiana having the clear majority of cases all assigned to Judge Miller—all share factual and legal questions arising from the MIE security breach. This Panel has routinely consolidated nationwide data breach cases and has done so even where fewer than 17 separate class actions have been filed. *See, e.g.*, *In re Anthem, Inc., Customer Data Sec. Breach Litig.*, ___ F. Supp. 3d ___, MDL No. 2617, 2015 WL 3654627 (J.P.M.L. June 8, 2015); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, ___ F. Supp. 3d ___, MDL No. 2633, 2015 WL 3756928 (J.P.M.L. June 16, 2015); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1338 (J.P.M.L. 2014); *In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379 (J.P.M.L. 2013) (four cases pending in four districts); *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357 (J.P.M.L. 2012); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370 (J.P.M.L. 2011); *In re Lending Tree, LLC, Customer Data Sec. Breach Litig.*, 581 F. Supp. 2d 1367 (J.P.M.L. 2008); *In re TJX Cos., Inc., Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d 1382 (J.P.M.L. 2007). In these types of cases, the Panel has recognized that centralization will "serve the convenience of

the parties and witnesses and promote the just and efficient conduct of this litigation." *Target*, 11 F. Supp. 3d at 1338. Centralization will also "eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *Id.* at 1338–39. Therefore, just like other data breach class actions that have been consolidated by this Panel, the MIE actions should be consolidated in one Court for pre-trial purposes. *Id.* at 1339.

## II. The Northern District of Indiana is the most appropriate transferee district.

The most appropriate transferee court by far is the centrally-located Northern District of Indiana, where MIE is headquartered, where 1.5 million class members are located, where nearly 80% of MIE's impacted clients are located, and where the majority of witnesses will be located.

### A. MIE is headquartered in the Northern District of Indiana and Indiana is the most impacted state.

MIE, and its wholly owned subsidiary "No More Clipboard," which was also affected by the breach, are headquartered in Fort Wayne, Indiana,[2] and this Panel has routinely held that the location of the defendant's headquarters in a data breach case strongly supports transfer to that district because that is where "likely relevant witnesses and other evidence will be found." *In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d at 1381. *See also In re The Home Depot, Inc., Customer Data Sec. Breach Litig.,* MDL No. 2583, 2014 WL 7006970, at

---

[2]  http://www.mieweb.com/contact (last visited Aug. 31, 2015); https://www.nomoreclipboard.com/ patients/contact (last visited Aug. 31, 2015).

*2 (J.P.M.L. Dec. 11, 2014) (same); *In re Supervalu, Inc., Customer Data Sec. Breach Litig.,* MDL No. 2586, 2014 WL 7263354, at *1 (J.P.M.L. Dec. 16, 2014) (same); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F.Supp.3d at 1339 (same); *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d at 1358 (same); *In re Lending Tree, LLC, Customer Data Sec. Breach Litig.*, 581 F. Supp. 2d at 1368 (same); *In re RBS Worldpay, Inc., Customer Data Sec. Breach Litig.,* 626 F. Supp. 2d 1322, 1322 (J.P.M. L. 2009) (same); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d 1405, 1406 (J.P.M.L. 2008) (same). MIE has no offices in any other district and MIE's Chief Information Security Officer, Michael Krouse, is based at MIE's headquarters in the Northern District of Indiana.[3]

In *In re Biomet M2A Magnum Hip Implant Products Liability Litigation*, 896 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012), the Panel selected the Northern District of Indiana as an appropriate transferee district even though no party advocated for the district and no case was filed there. The Panel reasoned that the defendant was "based in nearby Warsaw, Indiana. With many of the relevant documents and witnesses likely found there, the district should be convenient for [defendant]." *Id.* As in *Biomet*, the primary Defendant here is headquartered in Fort Wayne, and the Northern District of Indiana would be convenient for it. Furthermore, the majority of the relevant documents and witnesses will be found there.

Plaintiff Shuttler's brief advocates for transfer to the District of Kansas because it is "relatively close" to MIE's headquarters (Dkt No. 5 at 4), but the

---

[3] https://www.linkedin.com/pub/michael-krouse/48/310/6b3 (last visited Aug. 28, 2015).

Northern District of Indiana is the actual location of MIE's headquarters. Kansas is over 600 miles away.

Plaintiff Greulich's petition that seeks transfer to the Southern District of California concedes that Indiana is "a key locale for some corporate and internal MIE-related evidence" but argues that other evidence may be located elsewhere because one of MIE's clients is Google, which is based in the Northern District of California, and other "major California employers" are MIE clients.[4] (Dkt No. 1-1 at 9.) This argument ignores that these MIE clients are **not** reported to be part of the breach. Instead, 44 of the 56 impacted MIE clients are located in Indiana, the vast majority of whom are in Fort Wayne.[5] The other impacted MIE clients are in Ohio and Michigan, not California and Kansas. Of the over 200 impacted No More Clipboard clients, over 30 are located in Indiana.[6] Only 28 of the impacted No More Clipboard clients are located in Kansas and no MIE clients are located in Kansas, which again supports transfer to the Northern District of Indiana, not Kansas.

The fact that Indiana is hardest hit by the MIE data breach is confirmed by the fact that 1.5 million of the nearly 4 million class members are individuals in the state of Indiana.[7] In contrast to Indiana, only thousands of class members are

---

[4] Plaintiff Greulich also claims that she visited a Concentra clinic in San Diego. (Dkt. No. 1-1 at 9 n..3.) Concentra is headquartered in Texas and has more than 300 national locations. (https://contact.concentra.com/Corporate/default.aspx (last visited Aug. 26, 2015).

[5] https://www.mieweb.com/notice/ (last visited Aug. 26, 2015).

[6] https://www.nomoreclipboard.com/notice (last visited Aug. 26, 2015).

[7] http://www.in.gov/activecalendar/EventList.aspx?view=EventDetails&eventidn=222333&information_id=217385 (last visited Aug. 26, 2015).

located in Kansas[8] and it is currently unknown how many class members are located in California.[9] The Indiana Attorney General has even launched an investigation into the MIE data breach.[10] *See* David F. Herr, *Multidistrict Litigation Manual* ("*Multidistrict Litig. Manual*") § 6:12 (2014) ("the location of a governmental investigation may be a factor in selection of a transferee district").

The relevant evidence and witnesses will be found in the Northern District of Indiana, the location of MIE's headquarters, and this Court should transfer these actions to that district.

### B. Nine actions relating to the MIE data breach are pending in the Northern District of Indiana before Judge Miller, the most of any district.

The Northern District of Indiana is also the ideal transferee district because 9 of the 17 MIE actions and potential tag-along actions are pending there, the most of any district, a factor that supports transfer. *See In re The Home Depot, Inc., Customer Data Sec. Breach Litig.,* 2014 WL 7006970, at *2 (transferring data security breach cases to the district where nineteen of the thirty-one actions were pending); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d at 1406 (transferring data security breach cases to the district where "the large majority of the seventeen actions are already pending"); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d at 1339 (transferring data security

---

[8] http://www.khi.org/news/article/data-breach-may-affect-thousands-of-kansans (last visited Aug. 26, 2015).

[9] http://oag.ca.gov/system/files/Medical%20Infomatics%20supplemental%20original%20_0.pdf? (last visited Aug. 26, 2015).

[10] http://www.in.gov/activecalendar/EventList.aspx?view=EventDetails&eventidn=222333&information_id=217385 (last visited Aug. 26, 2015).

breach cases to the district where twenty-five actions were pending); *In re TJX Cos., Inc., Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d at 1383 (transferring data security breach cases to the district were "many actions are already pending").

In contrast to the Northern District of Indiana, only one case is pending in the Southern District of California and only one case is pending in the District of Kansas. The Northern District of Indiana is the ideal transferee district.

### C. The Northern District of Indiana is easily accessible and centrally located for the parties to this litigation.

The Northern District of Indiana is also the ideal transferee district because it is centrally located and convenient for all of the parties. The Panel itself has previously recognized that the Northern District of Indiana is "relatively accessible and [a] geographically central district." *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 896 F. Supp. 2d at 1340. And, again, in *In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II),* 381 F. Supp. 2d 1380, 1382 (J.P.M.L. 2005) the Panel chose the Northern District of Indiana "[g]iven the geographic dispersal of pending actions." Ignoring *Biomet* and *FedEx,* Plaintiff Greulich complains that Fort Wayne International Airport is not a major international airport and that any traveler to Fort Wayne will likely have one or two layovers. This argument is immaterial because counsel traveling to Fort Wayne for depositions will still have as many layovers when traveling. Regardless, Fort Wayne has twelve non-stop destinations across the United States and the Northern District of Indiana is also served by the South Bend International Airport, which

has nonstop flights to Las Vegas, Orlando, Phoenix, Fort Myers, Tampa, Atlanta, Detroit, Minneapolis, Chicago, and New York.[11]

As already recognized by the Panel, the Northern District of Indiana is "relatively accessible" and a "geographically central district" and these actions should be transferred to that district.

### D. The Northern District of Indiana has favorable docket conditions and the capacity and resources to invest in managing this litigation.

The Northern District of Indiana also has the capacity and experience to handle complex MDLs. *See, e.g.*, *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 896 F. Supp. 2d at 1340–41 (finding that the Northern District of Indiana "enjoys favorable docket conditions" and that its judges are experienced); *In re H&R Block Mortg. Corp. Prescreening Litig.*, 435 F. Supp. 2d 1347, 1349 (2006) (finding that Judge Rudy L. Lozano of the Northern District of Indiana "is an experienced jurist with favorable caseload conditions and the ability to steer this litigation on a prudent course.") The Northern District of Indiana has 8 Article III judges, three of which are on senior status, and 5 magistrate judges.[12] The Northern District of Indiana has fewer total annual filings per judgeship (601) than the District of Kansas (641) and the Southern District of California (672).[13] The Northern District of Indiana also has fewer weighted filings per judgeship (487)

---

[11] http://flysbn.com/flights/airlines/ (last visited Aug. 27, 2015).

[12] http://www.innd.uscourts.gov/judges-information (last visited Aug. 26, 2015).

[13] http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-march-2015 (last visited Aug. 31, 2015).

than the District of Kansas (624) and the Southern District of California (501).[14] And compared to California and Kansas, the Northern District of Indiana has the lowest number of civil cases that are over 3 years old, which shows that the district promptly resolves its civil cases.[15] *Multidistrict Litig. Manual* at § 6.17 ("The percentage of cases over three years old is an especially useful basis for comparing the various court dockets.") The Northern District of Indiana also has the fewest number of pending MDLs (2) when compared to Kansas (4) and the Southern District of California (7).[16]

    All of the MIE matters are assigned to the Honorable Robert L. Miller, Jr., a member of the Judicial Panel on Multidistrict Litigation from 2003 to 2010. Judge Miller has been recognized by this Panel as "an experienced transferee judge who is well-versed in the nuances of complex, multidistrict litigation." *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 896 F. Supp. 2d at 1340–41. The Panel has expressed that it is "confident" that the Honorable Judge Miller "will steer . . . potentially complex litigation on a prudent course." *Id.*; *see also In re FedEx Ground Package System, Inc., Employment Practices Litig. (No. II),* 381 F. Supp. 2d at 1382 (finding that the Honorable Judge Robert L. Miller, Jr. of the Northern District of Indiana "can steer this litigation on a steady and expeditious course").

    Thus, the Northern District of Indiana has a unique combination of attributes that make it the best transferee district: the location of the relevant

---

[14] *Id.*

[15] *Id.*

[16] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-17-2015.pdf (last visited Aug. 31, 2015).

witnesses and evidence because it is the location of MIE's headquarters, an accessible and geographically central location, experience in handling MDLs, favorable docket conditions, the capacity and resources to handle this particular litigation, and all the actions are pending before Judge Miller, who the Panel as recognized as "experienced" and "well-versed in the nuances of complex, multidistrict litigation."

### III.    Conclusion

The Panel should consolidate and transfer the MIE actions to the Northern District of Indiana for coordinated proceedings before the Honorable Robert L. Miller, Jr.

Dated: September 15, 2015                    Respectfully submitted,

*s/William N. Riley*
William N. Riley
Joseph N. Williams
James A. Piatt
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone:  (317) 633-5270
Facsimile:  (317) 426-3348
wriley@rwp-law.com
jwilliams@rwp-law.com
jpiatt@rwp-law.com
***Counsel for Rory Hill, Nicole Hill, Dawn McLaughlin, and Adrienne M. Llewellyn***

## PROOF OF SERVICE

I, William N. Riley, counsel for Plaintiffs Rory Hill, Nicole Hill, Dawn McLaughlin, and Adrienne M. Llewellyn, hereby certify that on September 15, 2015, I caused to be filed a true and correct copy of the foregoing Response in Support of Consolidation and Transfer of Actions to the Northern District of Indiana electronically using the Court's electronic case filing (CM/ECF) system, which automatically generated and sent a notice of electronic filing to the email addresses of all counsel of record.

Dated:  September 15, 2015                 */s/ William N. Riley*