## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re:  Medical Informatics Engineering, Inc., Customer Data Security Breach Litigation | MDL No.: 2667<br><br>***Oral Argument Requested*** |

### CORRECTED RESPONSE OF THE YOUNG GROUP OF PLAINTIFFS[1] IN SUPPORT OF CONSOLIDATION –AND– IN OPPOSITION TO TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA OR DISTRICT OF KANSAS –AND– IN SUPPORT OF TRANSFER TO NORTHERN DISTRICT OF INDIANA

The actions relating to the data security breach caused by Medical Informatics Engineering, Inc.'s ("MIE") failure to safeguard personal and health data of millions of individuals should be consolidated in the Northern District of Indiana before the Honorable Judge Robert L. Miller, Jr.—who the Panel has recognized as "experienced" and "well-versed in the nuances of complex, multidistrict litigation"—because:

- MIE and its impacted, wholly-owned subsidiary No More Clipboard, are both headquartered in the Northern District of Indiana, 1.5

---

[1] The "Young Group" consists of (1) Mr. Young, Mr. Kushner, Mr. Guth, Mr. Larson, Mr. Smith, Mr. Mueller, Mr. Warrick, Mr. Osbourn, and Mr. Perry who are the Plaintiffs in the first-filed class action *Young et al. v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00197-RLM-SLC (N.D. Ind.); (2) Ms. Norder, Mr. Kippert, Ms. Rice, Mr. Poirier, Ms. Taylor, Ms. Luysterburg, and Ms. Lord who are the Plaintiffs in the class action *Norder et al. v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00230-RLM-SLC (N.D. Ind.); (3) Mr. Harris who is the Plaintiff in the class action *Harris v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00225-RLM-SLC (N.D. Ind.); (4) Ms. Autry who is the Plaintiff in the class action *Autry v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00228-RLM-SLC (N.D. Ind.); (5) Ms. McGaha who is the Plaintiff in the class action *McGaha v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00229-RLM-SLC (N.D. Ind.); (6) Ms. Franklin who is the Plaintiff in the class action *Franklin v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00239-JD-SLC (N.D. Ind.); (7) Ms. Mudd who is the Plaintiff in the class action *Mudd v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00242-JD-SLC (N.D. Ind.); and (8) Mr. Walker and Ms. Washington who are the Plaintiffs in the class action *Walker et al. v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-00248-RLM-SLC (N.D. Ind.).

million class members are located in Indiana, and over 80% of
MIE's impacted clients are in Indiana, so the overwhelming
majority of the relevant witnesses and evidence will be located in
that district;

- 11 actions relating to the MIE data breach are already pending in
the Northern District of Indiana, the most of any district by far;

- The Northern District of Indiana is easily accessible and centrally
located for the parties to this litigation; and

- The Northern District of Indiana has favorable docket conditions
and the capacity and resources to invest in managing this litigation.

## I.  The 16 MIE actions pending in 5 different districts should be consolidated in one Court for pre-trial purposes.

The numerous MIE actions filed in 5 different districts across the country—

with the Northern District of Indiana having the clear majority of cases—share

factual and legal questions arising from the MIE security breach. This Panel

routinely consolidates nationwide data breach cases and has done so even where

fewer than 16 separate class actions have been filed. *See, e.g.*, *In re Anthem, Inc.,*

*Customer Data Sec. Breach Litig.*, ___ F. Supp. 3d ___, MDL No. 2617, 2015 WL

3654627 (J.P.M.L. June 8, 2015); *In re Premera Blue Cross Customer Data Sec.*

*Breach Litig.*, ___ F. Supp. 3d ___, MDL No. 2633, 2015 WL 3756928 (J.P.M.L. June

16, 2015); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338,

1338 (J.P.M.L. 2014); *In re Schnuck Markets, Inc., Customer Data Sec. Breach*

*Litig.*, 978 F. Supp. 2d 1379 (J.P.M.L. 2013) (four cases pending in four districts); *In*

*re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357

(J.P.M.L. 2012); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,

802 F. Supp. 2d 1370 (J.P.M.L. 2011); *In re Lending Tree, LLC, Customer Data Sec. Breach Litig.*, 581 F. Supp. 2d 1367 (J.P.M.L. 2008); *In re TJX Cos., Inc., Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d 1382 (J.P.M.L. 2007). In these types of cases, the Panel has recognized that centralization will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Target*, 11 F. Supp. 3d at 1338. Centralization will also "eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *Id.* at 1338–39. Therefore, like other data breach class actions that have been consolidated by this Panel, the MIE actions should be consolidated in one Court for pre-trial purposes. *Id.* at 1339.

## II.   The Northern District of Indiana is the most appropriate transferee district.

The most appropriate transferee court by far is the centrally-located Northern District of Indiana, where MIE is headquartered, where 1.5 million class members are located, where nearly 80% of MIE's impacted clients are located, and where plaintiffs have filed the most cases of any district.

### A. MIE is headquartered in the Northern District of Indiana and Indiana is the most impacted state.

MIE, and its wholly owned subsidiary "No More Clipboard," which was also affected by the breach, are headquartered in Fort Wayne, Indiana,[2] and this Panel has routinely held that the location of the defendant's headquarters in a data

---

[2]  http://www.mieweb.com/contact (last visited Aug. 31, 2015); https://www.nomoreclipboard.com/ patients/contact (last visited Aug. 31, 2015).

breach case strongly supports transfer to that district because that is where "likely relevant witnesses and other evidence will be found." *In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d at 1381. *See also In re The Home Depot, Inc., Customer Data Sec. Breach Litig.,* MDL No. 2583, 2014 WL 7006970, at *2 (J.P.M.L. Dec. 11, 2014) (same); *In re Supervalu, Inc., Customer Data Sec. Breach Litig.,* MDL No. 2586, 2014 WL 7263354, at *1 (J.P.M.L. Dec. 16, 2014) (same); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F.Supp.3d at 1339 (same); *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d at 1358 (same); *In re Lending Tree, LLC, Customer Data Sec. Breach Litig.*, 581 F. Supp. 2d at 1368 (same); *In re RBS Worldpay, Inc., Customer Data Sec. Breach Litig.,* 626 F. Supp. 2d 1322, 1322 (J.P.M. L. 2009) (same); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp. 2d 1405, 1406 (J.P.M.L. 2008) (same). MIE has no offices in any other district and MIE's Chief Information Security Officer, Michael Krouse, is based at MIE's headquarters in the Northern District of Indiana.[3]

In *In re Biomet M2A Magnum Hip Implant Products Liability Litigation*, 896 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012), the Panel selected the Northern District of Indiana as an appropriate transferee district even though no party advocated for the district and no case was filed there. The Panel reasoned that the defendant was "based in nearby Warsaw, Indiana. With many of the relevant documents and witnesses likely found there, the district should be convenient for [defendant]." *Id.* As in *Biomet*, MIE is headquartered in Fort Wayne, and the Northern District of

---

[3] https://www.linkedin.com/pub/michael-krouse/48/310/6b3 (last visited Aug. 28, 2015).

Indiana would be convenient for it and the relevant documents and witnesses will be found there.

Plaintiff Shuttler's brief advocates for transfer to the District of Kansas because it is "relatively close" to MIE's headquarters (Dkt No. 5 at 4), but the Northern District of Indiana is the actual location of MIE's headquarters. Kansas is over 600 miles away.

Plaintiff Greulich's petition that seeks transfer to the Southern District of California concedes that Indiana is "a key locale for some corporate and internal MIE-related evidence" but argues that other evidence may be located elsewhere because one of MIE's clients is Google, which is based in the Northern District of California, and other "major California employers" are MIE clients.[4] (Dkt No. 1-1 at 9.) This argument ignores that these MIE clients are **not** reported to be part of the breach. Instead, 44 of the 56 impacted MIE clients are located in Indiana, the vast majority of whom are in Fort Wayne.[5] The other impacted MIE clients are in Ohio and Michigan, not California and Kansas. Of the over 200 impacted No More Clipboard clients, over 30 are located in Indiana.[6] Only 28 of the impacted No More Clipboard clients are located in Kansas and no MIE clients are located in Kansas, which again supports transfer to the Northern District of Indiana, not Kansas.

---

[4] Plaintiff Greulich also claims that she visited a Concentra clinic in San Diego. (Dkt. No. 1-1 at 9 n.3.) Concentra is headquartered in Texas and has more than 300 national locations. (https://contact.concentra.com/Corporate/default.aspx (last visited Aug. 26, 2015).

[5] https://www.mieweb.com/notice/ (last visited Aug. 26, 2015).

[6] https://www.nomoreclipboard.com/notice (last visited Aug. 26, 2015).

5

The fact that Indiana is hardest hit by the MIE data breach is confirmed by the fact that 1.5 million of the nearly 4 million class members are individuals in the state of Indiana.[7] In contrast to Indiana, only thousands of class members are located in Kansas[8] and it is currently unknown how many class members are located in California.[9] The Indiana Attorney General has even launched an investigation into the MIE data breach.[10] *See* David F. Herr, *Multidistrict Litigation Manual* ("*Multidistrict Litig. Manual*") § 6:12 (2014) ("the location of a governmental investigation may be a factor in selection of a transferee district").

The relevant evidence and witnesses will be found in the Northern District of Indiana, the location of MIE's headquarters, and this Court should transfer these actions to that district.

### B. Eleven actions relating to the MIE data breach are pending in the Northern District of Indiana, the most of any district.

The Northern District of Indiana is also the ideal transferee district because 11 of the 16 MIE actions and potential tag-along actions are pending there, the most of any district, a factor that supports transfer. *See In re The Home Depot, Inc., Customer Data Sec. Breach Litig.*, 2014 WL 7006970, at *2 (transferring data security breach cases to the district where nineteen of the thirty-one actions were pending); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 559 F. Supp.

---

[7] http://www.in.gov/activecalendar/EventList.aspx?view=EventDetails&eventidn=222333&information_id=217385 (last visited Aug. 26, 2015).

[8] http://www.khi.org/news/article/data-breach-may-affect-thousands-of-kansans (last visited Aug. 26, 2015).

[9] http://oag.ca.gov/system/files/Medical%20Infomatics%20supplemental%20original%20_0.pdf? (last visited Aug. 26, 2015).

[10] http://www.in.gov/activecalendar/EventList.aspx?view=EventDetails&eventidn=222333&information_id=217385 (last visited Aug. 26, 2015).

2d at 1406 (transferring data security breach cases to the district where "the large

majority of the seventeen actions are already pending"); *In re Target Corp.*

*Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d at 1339 (transferring data security

breach cases to the district where twenty-five actions were pending); *In re TJX Cos.,*

*Inc., Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d at 1383 (transferring data

security breach cases to the district were "many actions are already pending").

      In contrast to the Northern District of Indiana, only one case is pending in

the Southern District of California and only one case is pending in the District of

Kansas. The Northern District of Indiana is the ideal transferee district.

### C. The Northern District of Indiana is easily accessible and centrally located for the parties to this litigation.

      The Northern District of Indiana is also the ideal transferee district because

it is centrally located and convenient for all of the parties. The Panel itself has

previously recognized that the Northern District of Indiana is "relatively accessible

and [a] geographically central district." *In re Biomet M2A Magnum Hip Implant*

*Prods. Liab. Litig.*, 896 F. Supp. 2d at 1340. And, again, in *In re FedEx Ground*

*Package System, Inc., Employment Practices Litigation (No. II),* 381 F. Supp. 2d

1380, 1382 (J.P.M.L. 2005) the Panel chose the Northern District of Indiana "[g]iven

the geographic dispersal of pending actions." Ignoring *Biomet* and *FedEx,* Plaintiff

Greulich complains that Fort Wayne International Airport is not a major

international airport and that any traveler to Fort Wayne will likely have one or

two layovers. This argument cuts against Greulich because, if true, it also

establishes that anyone traveling from Fort Wayne (MIE, for example) will have as

many layovers when traveling to California. Regardless, Fort Wayne has twelve non-stop destinations across the United States and the Northern District of Indiana is also served by the South Bend International Airport, which has nonstop flights to Las Vegas, Orlando, Phoenix, Fort Myers, Tampa, Atlanta, Detroit, Minneapolis, Chicago, and New York.[11]

As already recognized by the Panel, the Northern District of Indiana is "relatively accessible" and a "geographically central district" and these actions should be transferred to that district.

### D. The Northern District of Indiana has favorable docket conditions and the capacity and resources to invest in managing this litigation.

The Northern District of Indiana also has the capacity and experience to handle complex MDLs. *See, e.g.*, *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 896 F. Supp. 2d at 1340–41 (finding that the Northern District of Indiana "enjoys favorable docket conditions" and that its judges are experienced); *In re H&R Block Mortg. Corp. Prescreening Litig.*, 435 F. Supp. 2d 1347, 1349 (2006) (finding that Judge Rudy L. Lozano of the Northern District of Indiana "is an experienced jurist with favorable caseload conditions and the ability to steer this litigation on a prudent course.") The Northern District of Indiana has 8 Article III judges, three of which are on senior status, and 5 magistrate judges.[12] The Northern District of Indiana has fewer total annual filings per judgeship (601) than the

---

[11] http://flysbn.com/flights/airlines/ (last visited Aug. 27, 2015).
[12] http://www.innd.uscourts.gov/judges-information (last visited Aug. 26, 2015).

District of Kansas (641) and the Southern District of California (672).[13] The Northern District of Indiana also has fewer weighted filings per judgeship (487) than the District of Kansas (624) and the Southern District of California (501).[14] And compared to California and Kansas, the Northern District of Indiana has the lowest number of civil cases that are over 3 years old, which shows that the district promptly resolves its civil cases.[15] *Multidistrict Litig. Manual* at § 6.17 ("The percentage of cases over three years old is an especially useful basis for comparing the various court dockets.") The Northern District of Indiana also has the fewest number of pending MDLs (2) when compared to Kansas (4) and the Southern District of California (7).[16]

Nine MIE matters are assigned to the Honorable Robert L. Miller, Jr., a member of the Judicial Panel on Multidistrict Litigation from 2003 to 2010. Judge Miller has been recognized by this Panel as "an experienced transferee judge who is well-versed in the nuances of complex, multidistrict litigation." *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, 896 F. Supp. 2d at 1340–41. The Panel has expressed that it is "confident" that the Honorable Judge Miller "will steer . . . potentially complex litigation on a prudent course." *Id.*; *see also In re FedEx Ground Package System, Inc., Employment Practices Litig. (No. II),* 381 F. Supp. 2d at 1382

---

[13] http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-march-2015 (last visited Aug. 31, 2015).

[14] *Id.*

[15] *Id.*

[16] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-17-2015.pdf (last visited Aug. 31, 2015).

(finding that the Honorable Judge Robert L. Miller, Jr. of the Northern District of Indiana "can steer this litigation on a steady and expeditious course").

Thus, the Northern District of Indiana has a unique combination of attributes that make it the best transferee district: the location of the relevant witnesses and evidence because it is the location of MIE's headquarters, an accessible and geographically central location, experience in handling MDLs, favorable docket conditions, the capacity and resources to handle this particular litigation, and nine actions are pending before Judge Miller, who the Panel has recognized as "experienced" and "well-versed in the nuances of complex, multidistrict litigation."

## III.    Conclusion

The Panel should consolidate and transfer the MIE actions to the Northern District of Indiana for coordinated proceedings before the Honorable Robert L. Miller, Jr.

Dated: September 17, 2015

Respectfully submitted,

*s/Irwin B. Levin*
Irwin B. Levin
Richard E. Shevitz
Lynn A. Toops
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN  46204
Telephone:  (317) 636-6481
Facsimile:  (317) 636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com

**Counsel for James Young, Ira Kushner, Mark Guth, Richard Larson, Matthew Smith, James Mueller, Brandon Warrick, Michael Osbourn, and David Perry**

Jonathan Shub
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107-3304
(215) 238-1700 – telephone
(215) 238-1968 – facsimile
jshub@kohnswift.com

Joshua H. Haffner
Jennifer Duffy
KABATACK BROWN KELLNER LLP
644 S. Figueroa St.
Los Angeles, CA  90017
(213) 217-5000 - telephone
(213) 217-5010 - facsimile
jhh@kbklawyers.com
jld@kbklawyers.com

**Counsel for Darcy Norder, Patrick Kippert, Nancy Rice, Joe Poirier, Traci Taylor, Mary Luysterburg, and Sarah Lord**

Sherrie Savett
Shanon Carson
Jon Lambiras
BERGER & MONTAGUE, P.C.
1622 Locust St.
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
ssavett@bm.net
scarson@bm.net
jlambiras@bm.net

**Counsel for Floyd Harris, Steve Walker, and Shicola Washington**

David G. Scott
EMERSON SCOTT LLP
1301 Scott Street
Little Rock, AR 72202
Telephone: (501) 907-2555
Fax: (501) 907-2556
dscott@emersonfirm.com

Corey D. McGaha
William T. Crowder
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Telephone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

**Counsel for Tanya Autry**


Joseph Henry "Hank" Bates
David F. Slade
CARNEY BATES & PULLIAM, PLLC
2800 Cantrell Rd., Suite 510
Little Rock, Arkansas 72202
Telephone:   (501) 312-8500
Facsimile:   (501) 312-8505
hbates@cbplaw.com
dslade@cbplaw.com

**Counsel for Ann Franklin**

John G. Emerson
EMERSON SCOTT, LLP
830 Apollo Lane
Houston, TX 77058
Telephone: (281) 488-8854
Fax: (281) 488-8867
jemerson@emersonfirm.com

Stephen R. Basser
Samuel M. Ward
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile:  (619) 230-1874
sbasser@barrack.com
sward@barrack.com

Daniel E. Bacine
Jeffrey W. Golan
BARRACK, RODOS & BACINE
2001 Market St #3300
Philadelphia, PA 19103
Telephone:  (215) 963-0600
dbacine@barrack.com
jgolan@barrack.com

J. Gerard Stranch, IV
James G. Stranch, III
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue N, Fourth Floor
Nashville, TN  37201-1631
Telephone:   (615) 254-8801
Facsimile:   (615) 250-3937
gstranch@branstetterlaw.com
jstranch@branstetterlaw.com


**Counsel for Kelly McGaha and
Shannon Mudd**

12

**PROOF OF SERVICE**

I, Irwin B. Levin, counsel for Plaintiffs James Young, Ira Kushner, Mark Guth, Richard Larson, Matthew Smith, James Mueller, Brandon Warrick, Michael Osbourn, and David Perry, hereby certify that on September 17, 2015, I caused to be filed a true and correct copy of the foregoing Corrected Response in Support of Consolidation and Transfer of Actions to the Northern District of Indiana electronically using the Court's electronic case filing (CM/ECF) system, which automatically generated and sent a notice of electronic filing to the email addresses of all counsel of record.

Dated:  September 17, 2015                    /s/ *Irwin B. Levin*