# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MEDICAL INFORMATICS ENGINEERING, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**                 MDL No. 2667

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in an action pending in the Southern District of California moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of California.  This litigation consists of nine actions—five actions pending in the Northern District of Indiana and one action each in the Southern District of California, the Southern District of Indiana, the District of Kansas, and the Western District of Washington—as listed on Schedule A.  The Panel also has been notified of twelve related actions pending in the Middle District of Florida and the Northern and Southern Districts of Indiana.[1]

All responding parties agree that centralization is warranted, but disagree about the most appropriate transferee district.  As mentioned, the moving plaintiff argues for centralization in the Southern District of California.  Plaintiffs in five other actions and eight potential tag-along actions favor centralization in the Northern District of Indiana.  Defendant Medical Informatics Engineering, Inc. (MIE) and plaintiffs in the actions pending in the District of Kansas and the Western District of Washington support centralization in the District of Kansas.[2]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from a data security breach that allegedly occurred sometime between May 7 and May 26, 2015.  According to plaintiffs, this data breach resulted in the electronic theft of personally identifiable information and personal health information

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.  Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiff in the action pending in the Western District of Washington initially proposed centralization in the Western District of Washington or, alternatively, either the Southern District of California or the Eastern District of Washington.  This plaintiff now also supports centralization in the District of Kansas.

-2-

of some 3.9 million individuals whose healthcare providers used electronic medical record services provided by MIE.  All of the actions are putative class actions, many of which are nationwide in scope.  Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Northern District of Indiana is the appropriate transferee district for this litigation.  The majority of the actions are pending in that district, and numerous plaintiffs support centralization there.  The center of gravity of this litigation is located in the Northern District of Indiana, where MIE (and its wholly-owned subsidiary, No More Clipboard) is headquartered and operates, and where many of the healthcare providers (and individuals) affected by the data breach are located.  Relevant documents and witnesses thus are likely located within or near the district.  Also, given this Midwestern tilt, the Northern District of Indiana presents a convenient and accessible forum with the necessary judicial resources and expertise to manage this litigation efficiently.  By appointing the Honorable Robert L. Miller, Jr. to preside over this matter, we select a jurist with multidistrict litigation experience and the ability to steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Indiana are transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer                Ellen Segal Huvelle
R. David Proctor                 Catherine D. Perry

**IN RE: MEDICAL INFORMATICS ENGINEERING, INC.,**
**CUSTOMER DATA SECURITY BREACH LITIGATION**          MDL No. 2667


## SCHEDULE A


Southern District of California

GREULICH v. MEDICAL INFORMATICS ENGINEERING, INC.,
    C.A. No. 3:15-01750

Northern District of Indiana

YOUNG, ET AL. v. MEDICAL INFORMATICS ENGINEERING, INC.,
    C.A. No. 1:15-00197
HILL, ET AL. v. MEDICAL INFORMATICS ENGINEERING, INC.,
    C.A. No. 1:15-00204
POOL v. MEDICAL INFORMATICS ENGINEERING, INC., C.A. No. 1:15-00209
JONES v. MEDICAL INFORMATICS ENGINEERING, INC., C.A. No. 1:15-00215
HARRIS v. MEDICAL INFORMATICS ENGINEERING, INC., C.A. No. 1:15-00225

Southern District of Indiana

HAYES, ET AL. v. MEDICAL INFORMATICS ENGINEERING, INC.,
    C.A. No. 1:15-01308

District of Kansas

SCHUTTLER v. MEDICAL INFORMATICS ENGINEERING, INC.,
    C.A. No. 2:15-09210

Western District of Washington

MOORE v. MEDICAL INFORMATICS ENGINEERING, INC., C.A. No. 3:15-05595